UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIO DARNELL MAYS,

            Plaintiff,

v.                                      Case No. 19-cv-103-pp

JESSICA PRZYBYLSKI, *et al.*,

            Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND SCREENING AND DISMISSING THE COMPLAINT (DKT. NO. 1)**

The plaintiff, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. Dkt. No. 1. This order resolves the plaintiff's motion for leave to proceed without prepayment of the filing fee, dkt. no. 2, screens his complaint, dkt. no. 1, and dismisses this case.

**I.    THE PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The law allows a court to give an incarcerated plaintiff the ability to proceed without prepaying the civil case filing fee if he meets certain conditions. One of those conditions is that the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court

1

may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On January 31, 2019, the court ordered the plaintiff to pay an initial partial filing fee of $33.00. Dkt. No. 6. The court received that fee on February 11, 2019. The court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. SCREENING OF THE PLAINTIFF'S COMPLAINT

The PLRA requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that: 1) someone deprived him of a right secured by the Constitution or laws of the United States; and 2) whoever deprived him of that right was was acting under

color of state law. Buchanan-Moore v. C'nty of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

A. Facts Alleged in the Complaint

The plaintiff's extended supervision was revoked on January 4, 2019; he does not say by whom. Dkt. No. 1 at 2. At that time, the plaintiff's maximum discharge date was January 13, 2022. Id. at 3. According to the plaintiff, Jessica Przybylski and Administrative Law Judge Vince Varone miscalculated his sentence of ten years in custody and ten years on extended supervision, by taking his "extended supervision street time credit and put[ting] it back on" his case, which resulted in the twenty-year sentence turning into a twenty-seven-year sentence. Id. at 2-3. The plaintiff wrote to Przybylski and Varone to correct his maximum discharge date back to January 13, 2022 but they refused to correct the error. Id. at 3. The plaintiff asserts that by extending his sentence beyond his maximum discharge date, the defendants violated his Eighth Amendment right against cruel unusual punishment and his rights under the Fourteenth Amendment. Id. For relief, the plaintiff seeks monetary damages and asks the court to "put [his] max-discharge dated back to January 13, 2022." Id. at 4.

B. Analysis

Incarcerating a prisoner beyond the termination of his sentence without penological justification can violate the Eighth Amendment if it is the product of deliberate indifference. Campbell v. Peters, 256 F.3d 695, 700 (7th Cir. 2001) (citing Moore v. Tartler, 986 F.2d 682, 686 (3d Cir. 1993)); see also Werner v. Wall, 836 F.3d 751, 760 (7th Cir. 2016) ("[W]hen confronted with the failure to release a person because of an error in the computation of his sentence, we have relied on the principles of the Eighth Amendment."). To state an Eighth Amendment violation of this kind, the plaintiff must allege that a prison official knew that the plaintiff was being held beyond the termination of the sentence, that the official failed to act (or took action that was ineffectual under the circumstances), and the official's conduct caused the unjustified detention. Moore, 986 F.2d at 686. "An error of state law" does not, on its own, implicate a constitutional violation. Campbell, 256 F.3d at 700; see also Jones v. Skalski, No. 10-CV-766-BBC, 2012 WL 12965697, at *3 (W.D. Wis. Jan. 31, 2012), aff'd, 494 F. App'x 667 (7th Cir. 2012) ("plaintiff cannot prevail unless he shows that defendants detained him in violation of state law *and* the violation was intentional or obvious.").

The plaintiff states that Przybylski and Varone miscalculated his maximum release date by improperly adding seven years and twelve days back on to his sentence. The plaintiff, however, has not *yet* been held past the termination of his sentence (which, according to him, will occur on January 13, 2022). The plaintiff does not have a constitutional right to be released prior to

4

his maximum release date. See Kendrick v. Hamblin, 606 F. App'x 835, 838 (7th Cir. 2015) ("[B]ecause [the plaintiff] was not entitled to release after serving two-thirds of his sentence, he fails to state a claim that, in violation of the Eighth Amendment, he was held beyond his term of incarceration.") This means that the plaintiff's claim for monetary damages under §1983 is not yet ripe.

Nor is a lawsuit under 42 U.S.C. §1983 the way to challenge the length of one's custody. "Any challenge to the duration of custody must proceed through a petition for a writ of habeas corpus." Kendrick v. Hamblin, 606 F. App'x 835, 838 (7th Cir. 2015); see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that *habeas corpus* is exclusive federal remedy for person in custody challenging duration of custody when result he seeks is speedier release). The plaintiff's request that the court "put [his] max-discharge date[] back to January 13, 2022" challenges the duration, or the length, of his custody. When the time comes for the plaintiff to resolve this issue, the proper way for him to do so is by filing a petition for a writ of *habeas corpus*.

Because the plaintiff's claim is not ripe for resolution, and because a §1983 lawsuit is not the proper way to challenge the duration of his custody when the claim becomes ripe, the court will dismiss the case for failure to state a claim upon which relief can be granted.

### III. CONCLUSION

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. The court **ORDERS** that the agency

having custody of the plaintiff must collect from his institution trust account the **$317.00** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim. The court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief

from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate.

Dated in Milwaukee, Wisconsin this 30th day of April, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**