UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTONIO MAYS,

   Plaintiff,

v.            Case No. 19-cv-103-pp

JESSICA PRZYBYLSKI, *et al.*,

   Defendants.

---

ANTONIO MAYS,

   Plaintiff,

v.            Case No. 19-cv-217-pp

BRIAN HAYES, *et al.*,

   Defendants.

---

ANTONIO MAYS,

   Plaintiff,

v.            Case No. 19-cv-231-pp

PAUL KEMPER,

   Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTIONS FOR ORDERS (DKT. NO. 9 IN 19-CV-103; DKT. NO. 9 IN 19-CV-217; DKT. NO. 12 IN 19-CV-231)**

---

  Plaintiff Antonio Mays has filed eight lawsuits in the Eastern District of Wisconsin. In each of those lawsuits, he filed a motion for leave to proceed without prepaying the filing fee under 28 U.S.C. §1915(a)(2), which allows a plaintiff to proceed with lawsuits in federal court even though he does not have

1

the money to pay the filing fees in advance. Under the statute, the court assessed in each case an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's prison account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever was greater. 28 U.S.C. §1915(b)(1). The statute required that after the plaintiff paid the initial partial filing fees, he must make monthly payments of twenty percent of the preceding month's income until he paid the filing fees in full. 28 U.S.C. §1915(b)(2).

The plaintiff now finds himself paying numerous filing fees at the same time. He asks the court for an order instructing the institution to take only 20% of the money in his account total each month, rather than 20% every two weeks. The plaintiff asserts that the institution is taking 40% each month, not 20% each month. He says that, after paying for his lawsuits, he doesn't have money left over to buy items that he needs at the commissary, such as toothpaste and soap.

The plaintiff attached to the motion in each case a copy of his trust account statement for the period September 12, 2020 through September 25, 2020. That document shows that on September 25, 2020, $4.53 in "Withhold Federal Filing Fee" was removed from the plaintiff's regular trust account. It appears that the amount was removed in two chunks—a chunk of $3.62 and a chunk of $0.91 (each chunk lists the plaintiff's five pending federal cases).

Generally, "the filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the

2

district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1983); see also United States v. Taylor, 796 F.3d 788, 791 (7th Cir. 2015). These motions, however, do not appear to involve an "aspect[] of the case involved in the appeal." The court believes it has jurisdiction to rule on the motions.

The court will deny the motions. Section 1915(b)(2) of Title 28 says that after an inmate pays the initial partial filing fee, he must "make monthly payments of 20 percent of the preceding month's income credited to a prisoner's account." The court cannot tell whether the $4.53 taken from the plaintiff's account on September 25, 2020 exceeded 20% of his preceding months' income. He did not include the trust account statement for the preceding month. The prison did not remove the same amounts twice on one day. It is not clear why the prison broke the $4.53 amount down into two withdrawals. Without more information, the court cannot conclude that the prison is taking more than the statutorily-mandated 20% of the prior month's income out of the plaintiff's account. The court will deny the motions without prejudice, which means that the plaintiff may file the motion again if he has more information.

The court suspects, however, that the reason the institution is taking more than 20% of the plaintiff's money each month is because §1915(b)(2) requires simultaneous (not sequential) recoupment of multiple filing fees. See Bruce v. Samuels, 136 S. Ct. 627, 632 (2016). The United State Supreme Court specifically reviewed the issue of filing fee collection and concluded that

simultaneous collection of filing fees is consistent with the intent of the Prison Litigation Reform Act to "contain prisoner litigation." Id. at 633. The Supreme Court considered whether a different rule should apply given that a plaintiff's payments would ultimately become "sequential" once he files more than five lawsuits. Id. at 632. The court nevertheless upheld the simultaneous collection rule, noting that concerns about "administrability" (for example, sequential payments after five lawsuits) had been "unproblematic" thus far. Id. at 633.

The court **DENIES** the plaintiff's motions for order. Dkt. No. 9 in Case No. 19-cv-103; Dkt. No. 9 in Case No. 19-cv-217; Dkt. No. 12 in Case No. 19-cv-231.

Dated in Milwaukee, Wisconsin this 15th day of October, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

4

Case 2:19-cv-00103-PP    Filed 10/15/20    Page 4 of 4    Document 10